BENJAMIN B. HATCH *v.* HARMON S. BARNUM.

*Payment by note.   Fraud.   Laches of holder.*

The plaintiff sold certain property to the defendant, and directed his agent to call upon the defendant and receive the pay, or obtain the defendant's note for the amount.   The defendant wrote a note, for less than the amount due from him, and signed it as agent for a third person,—to whom the property had been delivered by the plaintiff, by direction of the defendant,—and delivered the note to the plaintiff's agent, who could not read, saying to him, that it was his own note and for the proper amount.   And the agent received the note and delivered it to the plaintiff.   And it was held, that the receiving of the note by the plaintiff, under these circumstances, was no bar to an action by him for goods sold and delivered, to recover the price of the property.

And it was also held, that the rights of the plaintiff, in this respect, were not affected by the fact, that he retained the note, until the commencement of this suit, without notice to the defendant that he did not rely upon it, or of its non-payment, and without any offer to return it,—the note not having been demanded of him by the defendant.

INDEBITATUS ASSUMPSIT for goods sold and delivered.   Plea, the general issue, and trial by jury, September Term, 1850,—BENNETT, J., presiding.

On trial the plaintiff gave evidence tending to prove, that in the early part of May, 1846, he authorized one Chase to sell to the defendant, for him, a quantity of potatoes, and to sell to no one else ; that Chase accordingly bargained with the defendant, who was then buying potatoes for himself, to sell to him a quantity at fifty cents *per* bushel, and soon after, as agent for the plaintiff, delivered to him forty eight bushels ; that Chase, by direction of the defendant, delivered the potatoes at the store of H. N. Smith & Co.,—the defendant then saying, that he had not room for them, and that Smith & Co. would want them, to sell out ; that the defendant understood, that Chase was acting in the business as the agent of the plaintiff; that soon after the delivery of the forty eight bushels, Chase, having been informed by the defendant, that he should not want any more potatoes upon the contract, was directed by the plaintiff to call upon the defendant and obtain payment for what had been delivered, or, if he could not get the pay, to take his note ; that Chase called upon the defendant, and, the defendant not paying the money, informed

him that he would take his note; that the defendant then wrote a note for $18,30, dated May 2, 1846, and made payable June 15, 1846, and signed it in these words,—"For H. N. Smith & Co., H. S. Barnum," and delivered it to Chase, representing to him that it was the defendant's note for the amount of the potatoes; and that Chase could not read writing, but supposed the note to be as represented by the defendant, and received it, and soon after delivered it to the plaintiff;—and the plaintiff produced the note upon the trial, and offered to surrender it to the defendant; but the defendant did not receive it.

The only testimony on the part of the defendant tended to prove, that H. N. Smith & Co. failed and became insolvent the twenty sixth or twenty seventh of June, 1846.

The defendant insisted, that the receiving of the note by Chase and the delivery of it, by him, to the plaintiff, operated as a bar to this action of *indebitatus assumpsit* for the price of the potatoes, and claimed, that the court should direct a verdict for the defendant.

But the court charged the jury, that if the defendant represented to Chase, the agent of the plaintiff, that the note in question was his own individual note, and Chase received it upon that supposition, not knowing to the contrary, it was not a payment of the plaintiff's claim for the potatoes, and would not preclude the right to maintain this general action; but that, if the plaintiff was aware of the representations made by the defendant to his agent, at the time the agent delivered him the note, and then consented to receive the note, as a note against Smith & Co., on his claim for the price of the potatoes, it was a bar to this action; and that whether he did so consent was a question of fact, for them to find from all the testimony bearing upon the point. The jury were farther instructed, that the mere fact, that the note was delivered to the plaintiff by Chase and retained by him until this time, without any proof, that he had at any previous time offered to return it, would not, as matter of law, bar this action; but that if the plaintiff, with notice of the facts in relation to the giving of the note, received it on his claim, understanding it to be the note of Smith & Co., and not the note of the defendant, he could not, after their failure, repudiate it and pursue the defendant upon his original cause of action.

Verdict for plaintiff. Exceptions by defendant.

*S. Wires* and *W. W. Peck* for defendant.

1. Assuming the note to be that of Smith & Co., the taking of it, without objection, operated as a payment, if the defendant's execution of it was genuine; and if not genuine, the plaintiff should have proved it.

2. At least, the taking without objection would operate as payment, after a reasonable time to inquire and return.

3. If the note was that of the defendant, the only remedy would be by action upon it.

*Maynard & Edmunds* for plaintiff.

A promissory note will not discharge an existing debt, unless given and received *bona fide*, with that intention. *Gilman* v. *Peck*, 11 Vt. 516. *Torrey* v. *Baxter*, 13 Vt. 452. *Hutchinson* v. *Olcott*, 4 Vt. 549. *Keyes* v. *Carpenter*, 3 Vt. 209.

The plaintiff has been guilty of no *laches*,—first, because he never agreed to look to Smith & Co. for payment; second, because the defendant having executed the note himself, in the name of Smith & Co., and fraudulently passed it upon the plaintiff, as his own note, the plaintiff was not bound to exercise any diligence to consummate the fraud, or avert the consequences of the failure. *Chandler* v. *Mason*, 2 Vt. 196. *Bickerdicke* v. *Bollman*, 1 T. R. 396.

The charge of the court, leaving the case to the jury upon the question, whether the plaintiff took the note, knowing it to be the note of Smith & Co., or whether he was defrauded in the transaction, was correct. *Follett et al.* v. *Steele*, 16 Vt. 30. *Porter* v. *Talcott et al.*, 1 Cow. 359. *Curtis et al.* v. *Hubbard*, 9 Met. 322.

The opinion of the court was delivered by

KELLOGG, J. That the defendant was not entitled to the charge requested, upon the case presented by the exceptions, we think is very clear. The note of Smith & Co., which the defendant passed to the agent of the plaintiff, was not the note, which the agent was authorized to receive, and which he had reason to suppose he was receiving; for the defendant assured him, it was his, the defendant's, note, and that it was for the amount of the plaintiff's demand,—which was untrue, not only as to its being the note of the defendant, but also as to its amount; and this the defendant must have known.

The agent was illiterate and could not read writing, and the conduct of the defendant was an imposition.  It was, if correctly stated by the witness, a gross fraud, from which the defendant ought not to be allowed to derive advantage, or the plaintiff to sustain injury.

Nor can laches be imputed to the plaintiff, by reason of his retaining the note for the period he did, without taking any measures to enforce collection ; for the circumstances, under which the note came to the hands of the plaintiff, imposed upon him no duty or obligation to look to Smith & Co. for payment, or to give any notice to the defendant of its non-payment, or even to return the note, except, perhaps, upon the defendant's request.  Such reception of the note by the agent, under the circumstances attending it, can be no bar to this action.

The plaintiff, when the note came to his hands, might have consented to accept it in payment; and in that event he would have been bound by the act, and in this respect the case seems to have been properly submitted to the jury.  Indeed, the entire charge appears to us to be well adapted to the case, and to be unexceptionable.  It was all that the defendant could claim, and all that the case demanded.

The judgment of the county court is therefore affirmed.